### Lioudmila ZYKOVA, Petitioner,

v.

### UNITED STATES DEPARTMENT OF JUSTICE, Respondent.

No. 05–4769–ag.

United States Court of Appeals, Second Circuit.

Dec. 15, 2006.

Lioudmila Yuievna Zykova,[1] pro se, Brooklyn, New York, for Petitioner.

Michael J. Sullivan, United States Attorney, Michael Sady, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. THOMAS J. MESKILL, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Lioudmila Zykova, a Jewish citizen of Russia, seeks review of an August 19, order of the BIA affirming the March 3, 2004 decision of Immigration Judge ("IJ") Patricia A. Rohan denying petitioner's application for asylum and withholding of removal. *In re Lioudmila*

---

1. In her brief to this Court, Zykova indicates that her middle name is "Yuievna," however, on her asylum application, her middle name is spelled, "Yurievna."

*Zykova,* No. A 77 714 524 (B.I.A. August 19, 2005), *aff'g* No. A 77 714 524 (Immig. Ct. N.Y. City March 3, 2004).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The adverse credibility finding is supported by substantial evidence and is based on specific inconsistencies in the record concerning matters material to Zykova's claim of persecution. For example, Zykova's testimony was inconsistent as to whether her exclusion from the university was attributable to her Jewish nationality, or to her failure to "get enough scores" and whether she learned of her husband's murder from a neighbor eye-witness or from her nephew six months afterward.

Substantial evidence supports the IJ's alternative ruling that Zykova failed to establish "a nexus between deprivations in her life and her Jewish nationality." The IJ reasonably determined that Zykova failed to satisfy her burden for proof for establishing her eligibility for asylum relief.

The only evidence of a threat to Zykova's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Zykova's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).